

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,516-02

### EX PARTE JOHNNY THOMAS RUSSELL JR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR16-0384-02 IN THE 43RD DISTRICT COURT FROM PARKER COUNTY

*Per curiam.*

## O P I N I O N

Applicant was convicted of failure to register as a sex offender and sentenced to eight years' imprisonment. He did not file a direct appeal. Applicant, through habeas counsel, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

To file an Article 11.07 writ application, an applicant must use the Article 11.07 form. *Id*. As stated in the form's definitions and instructions, the form must be signed and verified either by the applicant or by a petitioner filing on the applicant's behalf. This, in turn, means that the verification signature must be: (1) a "wet" signature, especially if the signing is done before a notary;

or (2) a digital signature.[1]  "Verifying" a document, in the legal sense, is swearing to it.  "Signing" a document with a "/s/" signature or applying a "plain" electronic signature (that anyone could insert) does not rise to the level of "swearing to" implied by our verification requirements.

The Court remanded this application to obtain responses from habeas counsel and the notary who notarized the application.  Counsel responded that she used a "digital signature stamp" which was essentially a font signature that she created as her "signature" to verify the habeas application.  That "signature" was not properly verified or secured such that it would comply with the requirements to be a "signature" sufficient to verify a habeas application.  Counsel did not sign the document, then scan it (which would comply as a "wet" signature), nor did she use verification technology to prove the authenticity or security of her digital signature.

While this digital (font) signature purports to have been notarized, the notary in this case certified it without a proper signature being applied to the document in her presence.  The notary in this application stated that she "printed and notarized" the application after counsel "applied her own digital signature stamp."  By using such a "stamp", counsel did not sign the document in the presence of the notary, therefore the certification of the authenticity of the signature cannot be upheld.

We therefore find that the application filed in this case was not properly verified, and as such, is dismissed as non-compliant with Tex. Rule App. Pro. 73.1(g).

Filed: June 11, 2025
Publish

---

[1] A "wet" signature is a hand-signed ink signature; a digital signature is a type of electronic signature that works with encryption technology to verify the signer's identity and authenticity of the document.